IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02114-BNB

RAYMOND ANTHONY LEWIS, on Behalf of Himself & the Inmates in Denver's Jails
    who are & in the Future may be Jailed,

Plaintiff,

v.

THE CITY AND COUNTY OF DENVER/MAYOR JOHN HICKENLOOPER, in his
    Official Capacity,
DENVER POLICE DEPARTMENT DISTRICT ONE,
DENVER SHERIFF'S DEPARTMENT,
JERRY PFAFF, Individually & in his Official Capacity as Denver Police Detective,
GRACE NUNEZ-DE-OVALLE, Individually & her Official Capacity as Denver Police
    Detective,
VINCENT LOMBARDI, Individually & Official Capacity as a Denver Police Officer,
JAY OTEY, Individually & Official Capacity as a Denver Police Officer,
A. E. MARTINEZ, Individually & Official Capacity as Denver Police Officer,
TODD COLE, Individually & Official Capacity as Denver Police Detective,
CHIEF M. J. OLIVA, Official Capacity as a Denver Deputy Sheriff, and Individually,
DIVISION CHIEF RON FOOS, Individually & Official Capacity as a Denver Sheriff
    Deputy,
DIV. CHIEF BILL LOVINGIER, Individually & Official Capacity as Denver Sheriff
    Deputy,
MAJ. (1st NAME UNKNOWN) WILSON, Individually and Official Capacity as a Denver
    Sheriff Deputy,
CAPTAIN (1st NAME UNKNOWN) BLAIR, Individually & Official Capacity as a Denver
    Deputy Sheriff,
SERGEANT (1st NAME UNKNOWN) GARCIA, Individually & Official Capacity as a
    Denver Deputy Sheriff,
SERGEANT (1st NAME UNKNOWN) BUTLER, Individually & and Official Capacity as a
    Denver Deputy Sheriff,
SERGEANT (1st NAME UNKNOWN) SWIFT, Individually & Official Capacity as a
    Denver Deputy Sheriff,
DEPUTY (1st NAME UNKNOWN) LOPEZ, Individually & Official Capacity as a Denver
    Deputy Sheriff, and
NUMEROUS DEPUTY SHERIFFS & SUPERVISORS WORKING IN DENVER
COUNTY JAIL FROM BLDGS 6, 7, & 8 ON 08-08-05. NAMES ARE NOT KNOWN
INDIVIDUALLY & THEIR OFFICIAL CAPACITIES AS DENVER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 16 2006

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF LEWIS TO FILE AN AMENDED COMPLAINT

Plaintiff currently is incarcerated at the Adams County Detention Facility. On October 17, 2005, Plaintiff submitted a Letter and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 to the Court. Magistrate Judge O. Edward Schlatter entered an order on October 24, 2005, instructing Plaintiff to file his claims on a prisoner complaint form and to submit a certified copy of his trust fund account statement. On November 9, 2005, Plaintiff filed his claims on a prisoner complaint form and submitted a certified copy of his trust fund account statement. Nonetheless, the names of Defendants listed in the caption of the Complaint did not match the names of Defendants listed in Section "A. Parties" of the form. Magistrate Judge Schlatter instructed Plaintiff to correct the deficiencies.

On November 16, 2005, Plaintiff filed a revised list of parties. In the revised list, Plaintiff included four additional Plaintiffs. The additional Plaintiffs, however, had not signed the Complaint or submitted a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in their behalf. Magistrate Judge Schlatter, on November 29, 2005, directed each of the four additional Plaintiffs to submit a Motion and Affidavit and to file a signed Prisoner Complaint form to confirm they are party to the instant action within thirty days of the date of the November 29 Order. None of the four additional Plaintiffs complied with Magistrate Judge Schlatter's November 29 Order within the time allowed. As a result, the four additional Plaintiffs were dismissed from the action on February 15, 2006.

As for Plaintiff Lewis, he filed an Amended Complaint on December 30, 2005, pursuant to 42 U.S.C. §§ 1983, 1985(2) and (3), and 1986. The Court must construe the Amended Complaint liberally, because Plaintiff is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file a Second Amended Complaint and state each claim succinctly as opposed to presenting a redundant narrative of events that took place at the Denver County Jail while he was housed there. Plaintiff also will be ordered to state specifically how he has exhausted administrative remedies.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading

shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lewis's Amended Complaint filed December 30, 2005, is verbose and unnecessarily long. The Amended Complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. See Fed. R. Civ. P. 8(a)(2).

Plaintiff has attached at least sixty hand-written pages that include fifteen claims. The claims are repetitive. At least one of the claims involves Gerald L. Pacheco who has been dismissed as a plaintiff in the action. Rather than summarizing each claim succinctly, Mr. Lewis apparently expects the Court to sift through his allegations to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Lewis's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him. Mr. Lewis must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Furthermore, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle***, 534

4

U.S. 516, 532 (2002). Section 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Plaintiff has not exhausted administrative remedies with respect to each claim he asserts, the entire Complaint must be dismissed.

Plaintiff has not submitted copies of any administrative grievances, and he fails to describe with specificity the steps he has taken to exhaust administrative remedies for each of the claims he raises. The action will be dismissed if he fails to amend and state with specificity how he has exhausted each stated claim. Accordingly, it is

ORDERED that Plaintiff Lewis file **within thirty (30) days from the date of this Order** a Second Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 and that states with specificity how Plaintiff has exhausted his administrative remedies. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Lewis, together with a copy of this Order, two copies of a Prisoner Complaint form. It is

FURTHER ORDERED that if Mr. Lewis fails within the time allowed to file a Second Amended Complaint that complies with this Order to the Court's satisfaction, the action will be dismissed without further notice.

DATED February 16, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02114-BNB

Raymond Anthony Lewis
Prisoner No. 05-12725
ACDF – Unit A-3-34
150 N. 19th Ave.
Brighton, CO 80601-1951

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/16/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk