IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02114-BNB

RAYMOND ANTHONY LEWIS, on Behalf of Himself & the Inmates in Denver's Jails who are & in the Future may be Jailed,

Plaintiff,

v.

THE CITY AND COUNTY OF DENVER/MAYOR JOHN HICKENLOOPER, In his Offical Capacity,
DENVER POLICE DEPARTMENT DISTRICT ONE,
DENVER SHERIFF'S DEPARTMENT,
JERRY PFAFF, Individually & in his Official Capacity as Denver Police Detective,
GRACE NUNEZ-DE-OVALLE, Individually & her Official Capacity as Denver Police Detective,
VINCENT LOMBARDI, Individually & Official Capacity as a Denver Police Officer,
JAY OTEY, Individually & Official Capacity as a Denver Police Officer,
A. E. MARTINEZ, Individually & Official Capacity as Denver Police Officer,
TODD COLE, Individually & Official Capacity as Denver Police Detective,
CHIEF M. J. OLIVA, Official Capacity as a Denver Deputy Sheriff, and Individually,
DIVISION CHIEF RON FOOS, Individually & Official Capacity as a Denver Sheriff Deputy,
DIV. CHIEF BILL LOVINGIER, Individually & Official Capacity as Denver Sheriff Deputy,
MAJ. (1st NAME UNKNOWN) WILSON, Individually and Official Capacity as a Denver Sheriff Deputy,
CAPTAIN (1st NAME UNKNOWN) BLAIR, Individually & Official Capacity as a Denver Deputy Sheriff,
SERGEANT (1st NAME UNKNOWN) GARCIA, Individually & Official Capacity as a Denver Deputy Sheriff,
SERGEANT (1st NAME UNKNOWN) BUTLER, Individually & and Official Capacity as a Denver Deputy Sheriff,
SERGEANT (1st NAME UNKNOWN) SWIFT, Individually & Official Capacity as a Denver Deputy Sheriff,
DEPUTY (1st NAME UNKNOWN) LOPEZ, Individually & Official Capacity as a Denver Deputy Sheriff, and
NUMEROUS DEPUTY SHERIFFS & SUPERVISORS WORKING IN DENVER COUNTY JAIL FROM BLDGS 6, 7, & 8 ON 08-08-05. NAMES ARE NOT KNOWN INDIVIDUALLY & THEIR OFFICIAL CAPACITIES AS DENVER,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 16 2006

GREGORY C. LANGHAM
CLERK

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED
PURSUANT TO 28 U.S.C. § 1915
WITHOUT PAYMENT OF AN INITIAL PARTIAL FILING FEE

On December 1, 2005, Plaintiff Lewis notified the Court that his address had changed. It appeared that he was released from custody. In response to Plaintiff's notice, Magistrate Judge O. Edward Schlatter, on December 7, directed Plaintiff Lewis to file an Amended Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 used by nonprisoners or in the alternative pay the $250.00. As opposed to confirming whether he was released and filing an Amended Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915, Plaintiff filed an Amended Complaint on December 30, 2005. On Page Two of the complaint form, Plaintiff states that he currently is held at the Adams County Detention Facility.

Accordingly, the Court will vacate the December 7, 2005, Order and will grant Plaintiff leave to proceed without the payment of an initial partial filing fee.

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the case is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because Plaintiff's trust fund account statement indicates that he has insufficient funds in his inmate account to pay an initial partial filing fee and that he has no other available assets, Plaintiff may proceed in this action without payment of an initial partial filing fee. The Court will proceed to review Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.

However, although he need not pay an initial partial filing fee, Plaintiff remains obligated to pay the required $250.00 filing fee through monthly installments as directed in this Order. Accordingly, it is

ORDERED that the December 7, 2005, Order is vacated. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed October 17, 2005, is granted. It is

FURTHER ORDERED that Plaintiff's second request to proceed pursuant to 28 U.S.C. § 1915, filed December 1, 2005, is denied as moot. It is

FURTHER ORDERED that Mr. Lewis may proceed in this action without payment of an initial partial filing fee. Plaintiff remains obligated to pay the full amount of the required $250.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1) regardless of the outcome of this action. It is

FURTHER ORDERED that, until the $250.00 filing fee is paid in full, Plaintiff shall make monthly payments to the Court of twenty percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this

3

Order. Plaintiff must file a current certified copy of his trust fund account statement to show cause why he has no assets and no means by which to make each monthly payment. It is

FURTHER ORDERED that if Plaintiff fails to have the appropriate monthly payment sent to the Clerk of the Court each month or to show cause each month, as directed above, why he has no assets and no means by which to make the monthly payment, the Complaint may be dismissed without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court. It is

**FURTHER ORDERED that the Court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt Plaintiff may owe in a prior action or actions if Plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED February 16, 2006, at Denver, Colorado.

BY THE COURT:

_s/ Boyd N. Boland_
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02114-BNB

Raymond Anthony Lewis
Prisoner No. 05-12725
ACDF – Unit A-3-34
150 N. 19th Ave.
Brighton, CO 80601-1951

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/16/06

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk